IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BARBARA MUHAMMAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MENARD, INC. D/B/A MENARDS )<br>)<br>Defendant. ) | Case No.: 4:21-cv-352<br>(Removal from the Circuit Court of<br>St. Louis County, 21st Judicial<br>Circuit Case No. 21SL-CC00148)<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Menard, Inc. d/b/a/ Menards hereby files this Notice of Removal of this Case from the Circuit Court of St. Louis County, State of Missouri, Civil Case No. 21SL-CC00148, where it is currently pending, to the United States District Court for the Eastern District of Missouri based on diversity jurisdiction. As grounds for removal, Defendant states the following:

1. Plaintiff Barbara Muhammad filed her Petition in the Circuit Court of St. Louis, State of Missouri, Civil Case No. 21SL-CC00148, naming Menard, Inc. d/b/a Menards as Defendant.  (Exhibit A, Circuit Court File.)

2. Menard, Inc. was served with Plaintiff's Summons and Petition on February 17, 2021.  (Exhibit A, Circuit Court File.)

3. Plaintiff is a citizen of St. Louis, County, Missouri. (Exhibit A, Petition ¶ 1.)

4. A corporation's citizenship for purposes of federal diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also GMAC Com. Credit LLC, v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). A corporation's principal place of business "refers to the place

where [its] level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center'[.]" *Hertz Corp. v. Friend,* 559 U.S. 77, 78 (2010). Normally, a corporation's principal place of business is where the corporation maintains its headquarters. *Id.*

5. Menard, Inc. is a Wisconsin corporation. (Exhibit B, Affidavit of Jeff Sacia ¶ 3.)

6. Menard, Inc.'s headquarters is located in Eau Claire, Wisconsin. (Exhibit B, ¶ 4.)

7. The offices of Menard, Inc.'s officers and executives are located at its headquarters in Eau Claire, Wisconsin, and it is out of that location that Defendant directs, controls, and coordinates its business. (Ex. B, ¶¶4-6).

8. Additionally, Menard, Inc. has been found to be "a citizen of Wisconsin for diversity jurisdiction purposes." *Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997); *see also Colletti v. Menard, Inc.*, No. 14-cv-1358, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014); *Rogers v. Menard, Inc.*, No. 3:15-cv-067, 2015 WL 4064779, at *2 (N.D. Ind. July 2, 2015).

9. Accordingly, for purposes of federal diversity jurisdiction, Menard, Inc. is a citizen of the State of Wisconsin, as it is incorporated in Wisconsin and its principal place of business is located in Wisconsin.

10. At the time this action commenced and at all times since, Plaintiff and Menard, Inc. were and remain citizens of different states.

11. Plaintiff's Petition does not specify the amount of damages sought in this matter.[1] In order to satisfy the amount in controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings

---

[1] Missouri Rules of Civil Procedure do not permit plaintiffs to specify the amount of any alleged monetary damages. *See* Mo. R. Civ. P. 55.05 ("If a recovery of money be demanded… in actions for damages based upon an alleged tort, no dollar amount shall be included in the demand except to determine the proper jurisdictional authority…").

and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); see also *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must only show that the claims originally asserted in the complaint "could, that is might, legally satisfy the amount in controversy requirement.").

12. Plaintiff seeks damages related to a personal injury allegedly sustained on an escalator in one of Menard, Inc.'s stores. (Exhibit A, Petition ¶¶ 5-14.) Specifically, Plaintiff alleges she "sustained serious physical injuries to her hands, neck, shoulder, back and knees." Exhibit A, Petition, ¶ 14). In addition, Plaintiff alleges that she "has incurred medical expenses in the past and will incur more in the future." (Exhibit A, Petition ¶ 14.) She further alleges that she "has undergone past medical treatment and will need more in the future," and that "[s]he has lost the quiet enjoyment of her life and now suffers from permanent physical pain and emotional suffering." (Exhibit A, Petition, ¶ 14). Further, Plaintiff prays for judgment "in an amount that is fair and reasonable, in excess of $25,000." (Exhibit A, Petition). Similar allegations have been found to meet the jurisdictional amount in this District. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002).

13. This Court has held that "although the existence of a settlement demand does not resolve the issue [of the amount in controversy], it is relevant." *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2010). Further, when determining whether the amount in controversy is met, "the evidence may include plaintiff's representations, including settlement offers by plaintiff *exceeding* the jurisdictional amount…or an extensive list of serious and disabling injuries suffered by the plaintiff." *Gillming v. Jill*, No. 06-0123 CV W FJG, 2006 WL 2246431, at *2 (W.D. Mo. Aug. 4, 2006) (internal quotation marks

and citations omitted) (emphasis in original).  *See also Jackson v. Fitness Res. Grp., Inc*., No. 4:12 CV 986 DDN, 2012 WL 2873668 (E.D. Mo. July 12, 2012); *Dozier v. USAA Cas. Ins*., No. 4:15-CV-00279-JAR, 2016 WL 629029 (E.D. Mo. Feb. 17, 2016).

14. On May 29, 2020, Plaintiff's prior counsel made a demand for "the applicable policy limits in this matter." (Ex. C., May 29, 2020 Correspondence from Dylan Krieghauser to Jennifer Summers) Moreover, Plaintiff's prior attorney represented that Plaintiff's medical expenses totaled $21,620.55 and Plaintiff's prior counsel documented her injuries and medical treatment stating:

> Since being discharged by Dr. Rabenold, Ms. Muhammad has repeatedly followed a home exercise routine to tolerate the pain and has been seen by physical therapists whenever the pain flares higher. A regimen that, in all likelihood, she will be forced to follow for the rest of her life.
> *Id*. at 2-3.

15. Based on Plaintiff's allegations, a fact finder might legally conclude that the damages sought in this matter are greater than $75,000.00.

16. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

17. This Notice of Removal is being filed within thirty (30) days after Defendant was served a copy of the initial pleading setting forth Plaintiff's claim for relief.

18. Removal of this action is not prohibited by any federal statute.

19. Attached hereto as Exhibit A are all process, pleadings, orders, and other documents then on file in the Circuit Court of St. Louis County, State of Missouri and served upon this Defendant.

20. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the Circuit Court of St. Louis County, State of Missouri and with counsel for Plaintiff.

21. If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, State of Missouri, effects the removal of said civil action to this Honorable Court.

This 18th day of March, 2021.

Respectfully submitted,

McANANY, VAN CLEAVE & PHILLIPS
505 North 7th Street, Suite 2100
St. Louis, Missouri 63101
314-621-1133
314-621-4405 – facsimile


By: /s/ Gregory T. Cook
    Gregory T. Cook    #57408 MO
    gcook@mvplaw.com
    *Attorney for Defendant Menard, Inc. d/b/a Menards*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of March, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF system which generated electronic notice of same to all counsel of record.

/s/ Gregory T. Cook_____