UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA MUHAMMAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:21 CV 352 CDP |
| | ) |
| MENARD, INC. D/B/A MENARDS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Barbara Muhammad brings this suit against Menard, Inc. alleging premises liability. She claims that while shopping at defendant's store she was injured when using an escalator designed for customers to use with shopping carts. Menard seeks summary judgment, arguing that a video of plaintiff's fall and other evidence shows that the escalator was not in an unreasonably dangerous condition, and that its warnings were sufficient.

Under Missouri law, "[w]hen a plaintiff sues a property owner for injuries incurred from an alleged unreasonably dangerous condition on that property, the applicable standard of care is defined by the relationship between the property owner and the plaintiff." *Randall v. Wal-Mart Stores, Inc.*, No. 1:13-CV-59 CEJ, 2014 WL 5093280, at *2 (E.D. Mo. Oct. 10, 2014) (citing *Harris v. Niehaus*, 857

S.W.2d 222, 225 (Mo. banc 1993)).  To show premises liability from a dangerous condition, an invitee such as Muhammad must show:

> (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition.

*McLaughlin v. Hahn*, 199 S.W.3d 211, 214 (Mo. Ct. App. 2006) (quoting *Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004)).

Defendant contends that the evidence is undisputed that there was no unreasonably dangerous condition and that its warnings of the conditions of the escalator were appropriate.  After carefully reviewing the evidence and the briefs submitted by the parties, I conclude that genuine disputes of material fact remain regarding whether there was an unreasonably dangerous condition and whether the defendant failed to use ordinary care in warning of the danger.  These disputes should be considered by a jury at trial.  *See Burns v. Schnuck Markets, Inc.*, 719 S.W.2d 499, 500 (Mo. Ct. App. 1986) (finding submissible case from plaintiff's testimony that she removed a grocery cart from the store's bin, she noticed the wheel wobbled, upon use the left front wheel jammed, and the cart stopped abruptly).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [27] is denied.

**IT IS FURTHER ORDERED** that in advance of the telephone conference now set for October 18, 2022, at 1:00 p.m., counsel should meet and confer in an attempt to agree on an appropriate schedule for all remaining preparation of the case. At the conference counsel will be expected to explain exactly what discovery remains and to suggest several dates that are acceptable to both sides for the jury trial.

                                             */s/ Catherine D. Perry*
                                             CATHERINE D. PERRY
                                             UNITED STATES DISTRICT JUDGE

Dated this 5th day of October 2022.